UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 2, 2005
Decided June 13, 2005

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-4094

| | |
|---|---|
| ROBERT W. JONES, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Northern District of Illinois, Eastern Division. |
| v. | |
| | No. 02 C 8057 |
| LUCENT TECHNOLOGIES, INC., | |
| *Defendant-Appellee.* | Elaine Bucklo, *Judge.* |

**O R D E R**

Robert W. Jones sued his former employer, Lucent Technologies, Inc., alleging that his termination from employment involved age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and common law fraud. The district court denied Jones's motion for summary judgment and granted Lucent's. Our review is de novo. Nese v. Julian Nordic Constr. Co., 405 F.3d 638 (7th Cir. 2005). Other than the fact that Jones was 46 years old and therefore within the protected age group when he was terminated, we see not the slightest evidence of either discrimination or fraud.

Jones began working for a predecessor of Lucent Technologies in 1979. In 1998, he received a poor performance rating--a rating in "band four." The performance ratings were done by supervisors, who were required to place employees in bands which reflected their level of competence. There were five bands, and they operated something like a bell curve. Bands four and five were the low end of the curve. Again in 1999 and mid-year 2000, Jones received a band four

rating from supervisor Sivaram Krishnan.  Then Amesh Joshi, who was one year younger than Jones, became his supervisor.  Joshi consulted with Krishnan and again placed Jones in band four.  At an interview, Jones contends he told Joshi that he wanted to work 4 more years and then retire.  Joshi does not recall the statement but acknowledges it is possible Jones said it.

At the time of Joshi's evaluation of Jones, it was not common knowledge that Lucent was anticipating a reduction in force.  But as it turned out, in January 2001, one of Joshi's superiors learned there would be a force reduction and employees in bands four and five were slated for termination.  Jones was notified in February that he was at risk for termination and had until April 15 to find another position at Lucent.  He did not find a position, and his employment was terminated on April 15.

Jones contends that direct evidence of discrimination entitles him to summary judgment.  The evidence consists primarily of his statement to Joshi that he hoped to retire at the end of 4 years.  Joshi does not deny Jones might have told him about his retirement hopes.  But there is no evidence Joshi placed Jones in band four for any reason other than his evaluation of Jones's performance.  There is no indication Joshi was influenced by Jones's comment about retiring.  There is no evidence Joshi believed a person who was looking toward retirement would be a poor performer.  Furthermore, Jones did not challenge the rating.  In other words, Jones points to no impermissible motive for Joshi's evaluation, as would be required to prove his case under Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

Jones also has not mustered circumstantial evidence of intentional discrimination--that is, a "mosaic" of evidence from which an inference of discriminatory intent might be drawn.  See Troupe v. May Dep't Stores Co., 20 F.3d 734 (7th Cir. 1994).  In fact, the evidence indicates otherwise.  At the time Joshi rated Jones in band four in November 2000, Joshi did not know that a workforce reduction was about to happen or that employees rated in band four would be terminated.  Joshi had no say in determining which employees would be terminated.  Therefore, it is not possible to infer that Joshi's rating was really an effort to have Jones terminated because he was 46 years old.  Factors to which Jones points as evidence of age discrimination simply do not carry the day.

Jones's claim also fails under the indirect method of proof set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which requires first that he show by a preponderance of the evidence the existence of a prima facie case of discrimination.  To make out a prima facie case, he must show that he is 40 or older; he was performing his job up to his employer's legitimate expectations; he was subject to an adverse employment action; and similarly situated and

substantially younger employees were treated more favorably that he was. Once Jones establishes a prima facie case, Lucent must articulate a legitimate nondiscriminatory reason for its action. If it does, then Jones can prevail only by showing that Lucent's articulated reason was pretextual.

Jones cannot show he was performing up to his employer's legitimate expectations. The evidence shows he was receiving poor performance ratings. In addition, he has not shown that similarly situated younger employees were treated more favorably than he was. He has not argued that everyone in bands four and five--those terminated--were older employees or that all the employees retained were substantially younger than he was. Finally, Lucent articulated a nondiscriminatory reason for the termination--a workforce reduction in which employees in bands four and five were chosen to be terminated. Jones has not shown that somehow this reduction in force was a pretext for discrimination.

In his common law fraud claim, Jones contends that Joshi's statements to him at the time of his 2000 performance review were false and caused him to forego challenging his band four rating, which, of course, ultimately resulted in his discharge. Those statements were "You're in the middle," "You're not on any list," and "This is just for my personal use." Even could the statements support a claim of fraud (and we have serious doubts about that), there can be no claim because, in order for fraud to exist, Jones must have been defrauded of something. But he was an at-will employee, who could have been terminated at any time. See Stromberger v. 3M Co., 990 F.2d 974 (7th Cir. 1993). There is no evidence that but for the alleged fraud, Jones would not have been terminated.

Accordingly, the judgment of the district court is AFFIRMED.